**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1651**

_____

LARRY DARNELL HILL, JR.,

        Plaintiff - Appellant,

    v.

ST. JUDE MEDICAL, LLC; MARTHA MUNSON, a/k/a Marta Munson; MONICA CRUZ,

        Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:21-cv-00032-BO)

_____

Submitted:  December 15, 2022              Decided:  December 19, 2022

_____

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Larry Darnell Hill, Jr., Appellant Pro Se.  Frederick W. Rom, WOMBLE BOND DICKINSON (US) LLP, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Darnell Hill, Jr., seeks to appeal the district court's order granting Defendants' motion to quash service of process under Fed. R. Civ. P. 12(b)(5). This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Hill seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we deny Hill's motion for assignment of counsel and dismiss the appeal for lack of jurisdiction.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] The district court docketed the notice of appeal as an appeal from its order dismissing Hill's action without prejudice pursuant to Fed. R. Civ. P. 4(m). This docket entry was in error because Hill filed his notice of appeal several days before the district court entered its judgment. Moreover, although the district court issued its final judgment before we considered this appeal, the doctrine of cumulative finality does not cure the jurisdictional defect. *Houck v. LifeStore Bank*, 41 F.4th 266, 271 (4th Cir. 2022) (explaining that doctrine applies only where appellant appeals order that could have been certified under Fed. R. Civ. P. 54(b)).